UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Syledrian Brooks # 361904 ) C/A No. 4:23-05538-JD-TER<br>*aka Syledrian Jesse Brooks*, )<br>　　　　　　　　　　　　Petitioner, )<br>vs. ) ORDER<br>　　　　　　　　　　　　　　　　　　)<br>Warden, Kershaw Correctional Institution, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　Respondent. ) | |

　　　This is a habeas action filed by a *pro se* party. This case is before the Court due to Petitioner's failure to comply with the magistrate judge's order dated November 7, 2023, ordering Petitioner to pay the filing fee or move for *in forma pauperis* status, complete a Petition form, and provide an explanation for being thousands of days past the statute of limitations. (DE 5).

　　　The Order was mailed to the address provided by the Petitioner, it has not been returned to the Court, and it is presumed that Petitioner received the Order but has neglected to comply with the Order within the time permitted under the Order. The Court has not received a response from Petitioner, and the time for compliance has passed.

　　　"The court has inherent power to manage its docket in the interests of justice." Luberda v. Purdue Frederick Corp., No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. See Fed. R. Civ. P. 41(b). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630–31 (1962).

　　　Petitioner has failed to respond to the Order within the time ordered. Petitioner's lack of response indicates an intent to not prosecute this case and subjects this case to dismissal. See Fed.

R. Civ. P. 41(b) (district courts may dismiss an action if a party fails to comply with an order of the court); see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

Accordingly, this case is dismissed without prejudice. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina

December 27, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.